IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RAYMOND STINDE,

    Plaintiff,

v.

SERGEANT HEPP,

    Defendant.

Case No. 24-cv-112-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Raymond Stinde, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center ("Menard"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. On January 17, 2024, this matter was severed from Stinde's Complaint in *Stinde v. Wooley, et al.*, Case No. 23-cv-2197-GCS and includes the following claim:

> **Count 6:** Eighth Amendment deliberate indifference to conditions of confinement and medical needs claim against Hepp for failing to respond to the issues with Stinde's meal tray and failing to obtain medical care for Stinde.

On February 22, 2024, Stinde informed the Court of his intent to pursue his claim against Sergeant Hepp for deliberate indifference to his conditions of confinement and medical needs (Doc. 5).

Thus, this case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any

portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

The allegations in the Complaint relevant to this severed action are as follows: On November 2, 2021, Stinde received his meal tray and noticed pieces of rat or mouse in his food (Doc. 2, p. 18). Stinde informed the correctional officer on duty and asked to speak to a sergeant or lieutenant. Later that evening, Sergeant Hepp stopped at Stinde's cell and informed Stinde that staff were aware of the situation and that it would be fully investigated (*Id.*). Stinde showed Hepp the rat parts and requested crisis and medical staff (*Id.*). He was traumatized by the thought of eating the rat parts and possible exposure to diseases. He started throwing up and had diarrhea (*Id.*). His illness lasted a week, and he was unable to eat any food except for vegetables (*Id.*). Although he requested to speak to medical staff, Stinde never saw any medical or crisis staff (*Id.*). His subsequent sick call requests also went unanswered (*Id.*).

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to redesignate the claims as follows:

> **Count 1:** **Eighth Amendment deliberate indifference to medical needs claim against Hepp for failing to obtain medical care for Stinde.**
>
> **Count 2:** **Eighth Amendment deliberate indifference to conditions of confinement claim against Hepp for failing to respond to the issues with Stinde's meal tray.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

At this stage, Stinde states a claim against Hepp for failing to obtain medical care for his illness as alleged in Count 1. Stinde alleges that he spoke with Hepp and specifically asked for medical care. He was vomiting and had diarrhea but neither medical staff nor a crisis team ever spoke to him. Thus, the allegations related to Stinde's request for medical care shall proceed.

But Stinde fails to state a claim against Hepp for his conditions of confinement in Count 2. To proceed with an Eighth Amendment claim, Stinde must demonstrate that the "defendant deprived him of 'the minimal civilized measure of life's necessities,'" such as food, shelter, clothing, or medical care, "knowing of and disregarding the risk of harm from that deprivation." *Owens v. Lamb, et al.*, 2023 WL 3674666, at *2 (7th Cir. May 26, 2023) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The allegations do not suggest that Hepp was aware of the rat parts before Stinde received his meal, and Hepp informed Stinde that the prison was investigating. The allegations do not suggest deliberate

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

indifference on the part of Hepp. Thus, to the extent Stinde attempts to raise a conditions of confinement claim against Hepp, he fails to state a claim.

## Disposition

For the reasons stated above, Count 1 shall proceed against Hepp, but the claims in Count 2 are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendant Sergeant Hepp: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Stinde. If the defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Sergeant Hepp, and the Court will require him to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Sergeant Hepp can no longer be found at the work address provided by Stinde, the employer shall furnish the Clerk with his current work address, or, if not known, his last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant Hepp is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g).

**Pursuant to Administrative Order No. 244, Defendant Hepp need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Stinde, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Stinde is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:  April 2, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the defendant of your lawsuit and serve him with a copy of your Complaint. After service has been achieved, the defendant will enter his appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take **90 days** or more. When the defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, to give the defendant notice and an opportunity to respond to those motions. Motions filed before the defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**